## THOMAS MARTIN ET AL. V. THE STATE.

1. CRIMINAL PRACTICE: *Appeal from J. P. Jurisdiction.*
    On appeal from a judgment of a justice of the peace in a criminal case,
    it is too late for the defendant to object in the circuit court to the
    jurisdiction over his person.

2. SAME: *Change of venue, order for.*
    The order for a change of venue in a criminal case, from one justice to
    another, need not set forth the ground of the removal. That appears
    from the affidavit therefor, which is part of the record.

3. SAME: *Change of venue before J. P. Jurisdiction.*
    It is not necessary to the jurisdiction of a magistrate to whom a cause
    is transferred, that a supporting affidavit for the change of venue
    was filed before the change.

Thomas Martin et al. v. The State.

4. **Same:** *Appeal to circuit court, objection to jurisdiction.*

On appeal to the circuit court an objection to the jurisdiction of the magistrate who tried the cause for want of a supporting affidavit for change of venue to him from another magistrate, is waived by not making the objection before the trial justice.

5. **Same:** *On appeal, trial is on merits.*

On appeal to the circuit court, the trial is on the merits, and technical objections to the forms of procedure in the justice's court are futile.

6. **Same:** *Separate appeals from J. P. Joint trials in circuit court.*

On trial of two defendants before a justice of the peace upon a charge of assault with a deadly weapon, and also of assault and battery, they were separately tried and convicted; one for assault and battery, and the other for an aggravated assault, and they appealed, giving a joint bond for the fine and cost. *Held:* That the circuit court might try them jointly.

7. **Same:** *Verdict, uncertainty of.*

A general verdict of guilty, and a fine of one dollar against a defendant who is charged with an aggravated assault, and also an assault and battery, will be presumed in this court, from the smallness of the fine, to apply to the lowest grade of offense, and is not uncertain.

ERROR to *Benton* Circuit Court.

Hon. J. M. Pittman, Circuit Judge.

*E. P. Watson,* for appellant.

*First.* The affidavit charges three separate offenses in one charge and is bad. *Mansfield's Digest, sec. 2108.*

*Second.* No affidavit for change of venue of some creditable person was filed; nor did the order of removal specify the cause; nor was it definite as to what justice the case was sent to. Wasson, J. P., therefore had no jurisdiction, and the circuit court none on appeal. *Mansfield's Digest, sec. 2379; Wells on Jurisdiction, p. 122.*

*Third and fourth.* The charge in the warrant was *assault with deadly weapon.* No battery was charged, but John Martin was convicted of *assault and battery.*

*Sixth.* The demurrer should have been sustained, as no one could tell from the warrant for what appellants were being tried.

*Seventh.* It was error to try appellants jointly and render a joint judgment for costs. *36 Ark., 222; 41 ib., 408.*

*Eighth.* The verdict is indefinite. It does not state what defendants were found guilty of.

*Ninth.* It was error to render judgment for the full penalty of the bond. *Mansfield's Digest, sec. 2435.*

*Tenth.* No judgment should have been rendered against the surety.

*Dan W. Jones,* Attorney General, for appellee.

The appellants were charged with assault with intent to kill. The warrant served its purpose in bringing them before the officer, and was of no further moment. *Watson v. State, 29 Ark., 299.* It was not necessary for the affidavit to allege the locality in which the offense was committed. *Sec. 2113, Mansfield's Digest.* It was discretionary with the court to try them jointly or separately. *Sec. 2216, ib.*

To obtain a change of venue from a justice in a criminal case, to a different township, the affidavit need not be against the township. *Sec. 2378, ib.* The two appellants were jointly charged and each made affidavit, thus complying with the law substantially. Any justice residing in the county in which the misdemeanor was committed, may take jurisdiction, and when the first justice released the appellants the second obtained jurisdiction.

The judgment was to be as much as $200, only in the event that the fine and costs amounted to so much. It is a matter that may be settled by the court without trying the case anew. The costs may at any time be adjusted by a motion to re-tax.

SMITH, J. The plaintiffs in error were charged by affidavit, before a justice of the peace, with an assault upon one Davidson, with a deadly weapon, and also with an assault and battery committed upon him. The warrant of arrest specified the first named offense. They made an application for a change of venue, grounded upon the prejudice of the justice who issued the warrant, but not supported by the affidavit of any third person, as *sec. 2379 Mansfield's Digest* requires. Their petition was, however, granted and the cause sent to a justice in another township.

Upon separate trials, Thomas Martin was convicted of an aggravated assault, and John of an assault and battery. Both appealed and entered into a joint bond, with one Rutherford as their surety, in the sum of $200, conditioned for the payment of the fine and costs.

In the circuit court a demurrer was filed to the affidavit upon which the warrant issued and to the jurisdiction of the court. The demurrer was properly disregarded. The justice and the circuit court on appeal, certainly had jurisdiction to inquire into the truth of the charge; and it is too late on appeal to raise the question of jurisdiction over the person of the defendants. The order for a change of venue needed not to set forth the ground of removal. This appears from the affidavit therefor, which is part of the record. *Dixon v. State, 29 Ark., 166.*

Nor was it necessary to the jurisdiction of the magistrate, to whom the cause was transferred, that a supporting affidavit should have been filed before the order of removal was made. This was an objection which was waived by not being taken advantage of in the court of the justice who tried the case. *Brown v. State, 13 Ark., 96.*

The affidavit and warrant were not subject to demurrer.

They had served their purpose in bringing the defendants before an officer and were of no future moment. No written information or pleadings are required in a justice's court. *Mansfield's Digest, sec. 2367.* When the case is carried by appeal to the circuit court, it is there for trial on its merits, and technical objections to the forms of procedure in the lower court are futile.

The defendants were put upon trial jointly. This was in the discretion of the circuit court. *Mansfield's Digest, sec. 2216.*

The jury returned a general verdict of guilty, and assessed the fine of the defendants at $1 each. Thereupon judgment was rendered against them for said fine and costs, and also against their surety, the same as to him not to exceed the penalty of his bond. It is urged that the verdict should not have been received and recorded on account of its uncertainty; that there were several offenses or degrees of the same offense, of which the defendants might have been convicted, and it is impossible to say of which one the jury intended to find them guilty; therefore no valid judgment could be entered thereon.

In the absence of a bill of exceptions, showing what took place at the trial, it will be presumed, from the fine imposed and in favor of the verdict and judgment, that the jury meant to convict of the lowest grade of the offense.

It is no ground of reversal that the judgment for costs is against both defendants jointly. The verdict and judgment against them are several; that is, they fix the fine to be paid by each. *Straughan v. State, 16 Ark., 44.*

The statute authorizes a judgment against the surety in the appeal bond, on conviction of the principal, without further notice. *Mansfield's Digest, sec. 2435.*

Affirmed.