THORNTON *v.* ALLEN.

Opinion delivered November 20, 1911.

1. CIRCUIT COURT—JURISDICTION ON APPEAL.—When a cause is appealed from the county court to the circuit court, it is the duty of the latter court to try the cause *de novo* and enter a final judgment therein; and while it may, after entering a final judgment, order the cause back to the county court with directions to enter such judgment as it has made, it can not remand the cause to the county court with power to proceed as it may determine. (Page 110.)

2. APPEAL AND ERROR—ORDER DISMISSING APPEAL.—The error of the circuit court in remanding a cause to the county court for further proceedings, instead of trying the cause *de novo,* was in effect a final dismissal of the appeal, from which an appeal to the Supreme Court will lie. (Page 111.)

3. PROHIBITION—WHEN DOES NOT LIE.—Where a cause is improperly remanded to the county court from the circuit court, prohibition will not lie to prevent the county court from assuming jurisdiction, that remedy being available only when the ordinary forms of remedy are insufficient. (Page 111.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed.

STATEMENT BY THE COURT.

This was an application by appellant to the circuit court of Clark County for a writ of prohibition against appellee, as county judge of said county, to prohibit him from proceeding further in the cause of Terre Noir Drainage District *v*. Thornton.

The petitioner alleged that at the January term, 1908, of said county court, upon petition, viewers were appointed for the purpose of ascertaining the practicability of establishing a drainage district in Clark County along Terre Noir Creek and that said court, on March 3, 1908, by an order entered of record, established a drainage district, designated as "Terre Noir Drainage District No. 3," for the purpose of constructing a ditch along said creek. That, after the appointment of viewers, and upon the coming in of their report and the report of the engineer, the court, on April 17, 1909, fixed the assessment upon all of the lands embraced within the district, including the lands of petitioners, petitioners and more than forty other landowners within the district appealed from said judgment of the county court, and duly lodged their appeal in the Clark Circuit Court and the term of the county court at which said judgment fixing the assessment against the lands was rendered had lapsed, and said court had lost jurisdiction to alter or amend the same.

In the circuit court petitioners demurred to the jurisdiction, and the demurrer was sustained, and the drainage district appealed to the Supreme Court, which reversed the judgment of the circuit court and remanded the case for further proceedings. That upon the filing of the mandate from the Supreme Court petitioners were ready to try the question as to the justness of the assessment made against their lands lying within said district, but that the district, by motion made at the August term of 1910 of the circuit court, asked said court to remand said cause to the county court with directions, which the circuit court did, on August 25, 1910, over their objections. A copy of said motion with the order of circuit court remanding the cause, are attached as exhibits. That the appeals of the petitioners were not heard in the circuit court, and have not been disposed of, tried or dismissed, except as stated. That, prior to the certification of the judgment of the circuit court to the county court, the county court, on the 5th of December, 1910, proceeded

to appoint another engineer for said district and upon the 5th of December, 1910, upon the petition of three owners of lands in said district, entered its order permitting said drainage district to proceed under the act of 1909. That on December 5, 1910, petitioners filed in said county court their motion to dismiss said cause in said court, and to strike same from the docket for the reason that the said court had no jurisdiction of said cause, which motion was overruled. Copies of said motion and order were also exhibited.

That the circuit court was wholly without jurisdiction to remand said cause to the county court with directions; the organization of said district had been held to be valid by the Supreme Court and the fixing of assessment of benefits, the appointment of viewers and reports of the engineer and viewers had all become final in the county court, except in so far as the appeals which had been granted had transferred the assessments of the parties appealing to the circuit court for adjudication, and the circuit court was wholly without jurisdiction to direct the county court to cause a reassessment of benefits of all the property in said district.

That the county court was proceeding under said order of the circuit court to readjudicate every question which has been finally adjusted, except the question of the organization of the district, and to make a resurvey and re-assessment of all of the lands in said district, which it had not the power to do; that petitioners are entitled to adjudication of their appeals in the circuit court. Prayer for a writ of prohibition directed to the county court prohibiting it from proceeding further in said cause.

A general demurrer was interposed to the petition and sustained, and from the judgment dismissing the complaint this appeal was taken.

The facts in the case substantially are that a petition by landowners of the district to be affected was filed in the county court for the establishment of a drainage district, to be formed under sections 1414 *et seq.* of Kirby's Digest, as amended by the act of March 26, 1907. An engineer and viewers were appointed, and the drainage district afterwards declared to be established and known as Terre Noir Drainage District No. 3. The engineer and viewers made their reports, containing an

assessment of the benefits that would be received by each and every tract of land, railroad, etc., within the said district, which report the county court considered, and on April 17, 1909, approved. From the confirmation of said reports as to the assessments of benefits, as well as to the proper organization of the district, the appellants herein, and many others similarly situated, who had intervened in said drainage district proceeding, appealed to the circuit court, where their demurrer challenging the proper organization of the district was sustained. From that judgment the drainage district appealed to this court, where the circuit court's action on the demurrer was reversed, and the cause was remanded to the circuit court for further proceedings. *Terre Noir Drainage District* v. *Thornton*, 93 Ark. 332. After the filing of the mandate in that court, the drainage district filed its motion to remand the whole proceeding to the county court, alleging that the viewers omitted to report the total amount of benefit that the lands affected would receive by the construction of the improvement, and included only an approximate apportionment of the estimated cost of construction, which they erroneously termed an assessment of benefits, and that they and the engineer failed to include in their report the estimate of the cost of location of said improvement, and that the engineer erred in his estimate of the cost of construction of the improvement. This motion was granted by the court over the protest of appellants, and the whole proceeding was remanded to the county court with instructions to appoint a new engineer and direct him and the viewers to make another report as to benefits that will be received by the lands, railroads, etc., in said district.

After the case was remanded to the county court, it took jurisdiction, and appellants made their motion to dismiss the case in that court for want of jurisdiction, setting up the facts as already recited, which motion was denied. Then they filed in the circuit court the foregoing petition for a writ of prohibition, which on demurrer was denied by said court.

*J. H. Crawford*, for appellants; *James H. Stevenson*, of counsel.

1. Appellants have a remedy by prohibition which should be enforced. While the writ of prohibition should not be used as a substitute for appeal, it may be resorted to in order to stay the

power of an inferior court where it is attempting to act beyond its jurisdiction, or where it has lost its right to further determine the rights of litigants by that due process of law that permits an appeal to a superior court. In this case due objection was interposed to the jurisdiction of the county court, and that objection was overruled; and since the county court was acting beyond and in excess of its jurisdiction, the writ lies. Hawes on Jurisdiction of Courts, § 2; Kirby's Digest, § 5157; 4 Ark. 537; High, Extraordinary Legal Remedies, (2 ed.) § 762; 12 Am. Dec. 604; 60 N. Y. 81; 7 N. M. 495; 2 N. W. 919; 130 Mo. 99; 90 Va. 55; 221 Mo. 227; 20 N. Y. 531; 26 Ark. 51; 48 Ark. 227.

2. The circuit court on appeal from the county court has jurisdiction to try the cause appealed *de novo* and to render such judgment as in its opinion the county court should have rendered; but it has no power to remand a case to that court for a new trial there. Const. Ark., art. 7, § § 28, 33; Kirby's Digest, § § 1311, 1312, 1492.

*Callaway & Huie,* for appellee.

1. Prohibition is not appellant's proper remedy. 74 Ark. 217; 32 Cyc. 613-15 and notes; 35 Ark. 298.

2. While it is true that in an ordinary proceeding at law no authority is given the circuit court to reverse and remand to an inferior court, yet this may not be true with reference to proceedings under a special statute, but the provisions of the statute would control. The statute in this case authorizes such procedure. Kirby's Digest, § 1429.

Kirby, J., (after stating the facts). It is contended that the circuit court erred in refusing to try the case *de novo*, which had been first appealed from the county court to it, after same had been reversed by the Supreme Court and remanded for a new trial, and this contention is correct.

The appeal, in the first instance, from the county court brought the entire matter to the circuit court for a trial *de novo*. "It is the duty of the circuit court, when a case is appealed from the county court, to hear the matter *de novo* and to try the case and to exercise the same discretion therein in the same manner in which the county court might have done originally. When a case is appealed from the county court to the circuit court, the latter court obtains jurisdiction over the matter to

the same extent as if it had been originally brought in that court, and it must proceed to fully try and determine the cause. It does not pass upon the question as to whether or not the county court has committed error in any of its rulings, either of law or fact, but it must try the case upon its merits, both of law or of fact, just as if it had been originally brought in the circuit court. It does not either affirm or reverse the findings of the judgment of the county court, but tries the cause alone upon its merits, and determines the same by the exercise of its own discretion and judgment. It must come to a final determination of the matter, and enter a final judgment thereon. After such final judgment has been made by it, it can then order the same back to the county court, with directions to enter such judgment as it has made, but it has no authority to remand the cause with power of the county court to proceed further therein, as it may determine. * * * Having this jurisdiction of the cause and being clothed with this power and discretion, the circuit court erred in not trying the matter anew and in remanding the same to the county court." *Batesville* v. *Ball*, 100 Ark. 496.

In that case the court also decided that the action of tne circuit court in remanding the cause to the county court for further proceedings and refusing to entertain jurisdiction of the matter and finally pass upon the same in the trial anew was in effect a final dismissal of appeal and determination of the cause from which an appeal would lie.

It thus appears that the error of the circuit court in remanding said cause to the county court with directions to proceed further therein, instead of trying same anew, as the law requires, could have been corrected by an appeal to this court, and "prohibition is only granted when the usual and ordinary forms of remedy are insufficient." *Finley* v. *Moose*, 74 Ark. 220. See also 32 Cyc. p. 613-15 and notes.

Said county court would doubtless not have undertaken to proceed in the matter, had an appeal been taken from the judgment of the circuit court remanding it; and, if it had, proceedings therein could have been stayed by an appropriate order of this court upon the appeal being lodged here. No error was committed by the court in denying the writ of prohibition, and the judgment is affirmed.