SIMPSON AND ELLIOTT *v.* STATE.

Crim. 3999.

Opinion delivered February 15, 1937.

*C. T. Carpenter,* for appellants.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

SMITH, J. W. P. Hale, a justice of the peace in Mississippi county, entered upon his docket the cases of *State of Arkansas* v. *Bud Simpson and Henry Elliott,* in which he made the notation that the deputy prosecuting attorney had filed with him an affidavit charging them with the offense of forcible entry, and the justice issued

warrants of arrest both for Simpson and Elliott charging each of them with that offense. The deputy prosecuting attorney did not make an affidavit, but he did direct the issuance of the warrants charging both Simpson and Elliott with having committed forcible entry. The parties appeared pursuant to the warrants for trial before the justice, whereupon it was announced by the deputy prosecuting attorney representing the state that he would not prosecute for violation of § 4837, Crawford & Moses' Digest, which defines a forcible entry, but would prosecute for a violation of § 4836, Crawford & Moses' Digest, which makes unlawful the taking possession of real estate without authority from the owner of the property, or his agent. No continuance was asked on that account, and the trial in the justice court terminated in the imposition of a fine of $10 against each defendant, from which judgment an appeal was prosecuted to the circuit court.

When the cases were called for trial in the circuit court a motion was made to dismiss the prosecution upon the ground that it had been commenced without an affidavit or information filed, and upon the further ground that the defendants had been accused upon one charge and convicted upon a different charge.

The defendants were not entitled to their discharge by the justice of the peace because it was made to appear that they were not guilty of the offense charged where it also appeared that they were guilty of another offense. Section 2931, Crawford & Moses' Digest, requires a justice to discharge an accused when, in the opinion of the justice, there is not sufficient cause for believing that the defendant has committed a public offense. But by § 2933 it is provided that if it be made to appear, upon the trial, that the defendant is guilty of a public offense other than that charged in the warrant, the defendant shall be held in the custody of the officer and tried for such offense, a reasonable opportunity having been given defendant to obtain his witnesses and prepare his defense.

The justice had the same jurisdiction to try an accused person for a violation of § 4836, Crawford & Moses' Digest, as he did to try him for violating § 4837, and

when it appeared that the accused had not violated one section, but had violated the other, it was the duty of the justice to try the accused for the offense which had apparently been committed, after giving the accused an opportunity to obtain his witnesses and prepare his defense, as § 2933, Crawford & Moses' Digest, provides.

These questions are all disposed of by the opinion in the case of *Mayfield* v. *State,* 160 Ark. 474, 254 S. W. 841, where it was said: "We do not stop to inquire whether there was any error in the procedure before the justice or not, as the cause was appealed to the circuit court, where there was a trial *de novo.* The original affidavit and warrant had brought appellant into court, and the justice, sitting as an examining court, found appellant was guilty of an offense and imposed a fine for its commission. This became the offense with the commission of which appellant was charged upon his appeal to the circuit court, and it was unimportant to inquire whether there had been irregularities leading to this situation, because the trial in the circuit court was *de novo.*" (Citing cases.)

A motion praying the circuit court to dismiss the prosecution was made, and is renewed here, upon the ground that the prosecution involved questions relating to the title and the right to the possession of the land, of neither of which questions the justice had jurisdiction and the circuit court, therefore, acquired no jurisdiction upon the appeal.

It appears that certain land of which the land here involved was a part had been partitioned in kind by a decree of the Mississippi chancery court, under which decree 27.1 acres were assigned to Mrs. Doris Harrison Burkett. The defendant Simpson was a party to that proceeding. The husband of Mrs. Burkett was called as a witness at the trial from which this appeal comes to prove that defendants had taken possession of a portion of the tract of land assigned to Mrs. Burkett. Objection was made by counsel for defendants that the record itself was the best evidence, which objection was met by the introduction of the record. Other testimony was offered to the effect that defendants had entered upon and had

taken and were holding possession of a portion of Mrs. Burkett's land without authority so to do. In this decree provision was made for the payment of a fee to an attorney who had represented the heirs whose estate was being partitioned in recovering that portion of the land from the possession of appellant Simpson. Another decree was offered in evidence in a suit brought by certain of the heirs whose estate had been partitioned against L. R. (Bud) Simpson, in which the court found and decreed ''that the defendant (Simpson) has no title, interest or right in and to said lands. That his interest was settled by a judgment of the circuit court of the Osceola district of Mississippi county, Arkansas, on the 5th day of January, 1916, and by a correction of said judgment on the 31st day of March, 1916, and that the question of his rights was further settled by a judgment in the United States district court in favor of the plaintiffs.'' The defendant Simpson was therein enjoined from committing any trespass upon the land.

It appears that despite these adjudications the defendant Simpson holds possession of a portion of the land, and attempts to defend that action upon the ground that the portion of the land which he is charged with unlawfully holding was awarded him by the verdict of the jury, but that the judgment did not conform to the verdict. The question of title must be treated as concluded by these decrees and judgment. There was no attempt to retry the question of title and right to possession, as those questions had already been adjudicated. These decrees and judgment, in conjunction with the parol testimony as to entry upon the lands there described, identify the lands as belonging to persons other than appellants, and did not constitute a trial of the title or right of possession.

Now, defendant, Simpson, might be guilty while his codefendant Elliott was not. But the court charged the jury that ''In regard to the case of the *State* v. *Elliott,* if you find from the testimony that the defendant Elliott, in good faith, was of the opinion that Bud Simpson was the owner of the land in controversy, and with that opin-

ion, formed in good faith, went into the possession of the land, in that event he would not be guilty." Some kind of relation of landlord and tenant existed between Simpson and Elliott, the exact nature of which is not clear. But the instruction quoted from submits Elliott's good faith, and did not require him to know or to inquire what right of possession his landlord had, but he could not excuse his holding of the land if he was not acting in good faith, based upon the opinion or assumption that Simpson was also acting in good faith, and had the right to put him (Elliott) in possession. There was a separate verdict against each defendant.

Upon the trial in the circuit court the fine was increased to $75, which is still less than the maximum punishment provided for the violation of § 4836, Crawford & Moses' Digest. This may be explained by saying that the defendants' attitude manifests a contempt for and a defiance of the judgment and decrees herein referred to, which records cannot be questioned in this collateral proceeding. The state did not attempt to try the title to the land or the right of possession thereof, and the justice court originally and the circuit court on the appeal had jurisdiction of the offense for which appellants have been convicted.

As no error appears, the judgment is affirmed.