CITY OF NORTH LITTLE ROCK *v.* HABRLE.

5-3664                                    395 S. W. 2d 751

Opinion delivered November 22, 1965.

*Reed W. Thompson, City Attorney* and *James R. Wallace* and *Charles L. Carpenter,* Asst. City Attorneys, for appellant.

*Moses, McClellan, Arnold, Owen & McDermott* and *James R. Howard,* for appellee.

PAUL WARD, Associate Justice. This litigation concerns an attempt to rezone property in North Little Rock. In 1962 a comprehensive Zoning Code was adopted embracing a large part of the. City. The portion of the property here involved was zoned for use as R-3, meaning that it could be used only. for single family and multi-family residential purposes.

On March 6, 1964 Cecelia Habrle (appellee) purchased a lot described as Lot 1, Counts' Addition to the City of North Little Rock, located in the area zoned R-3. Shortly thereafter she petitioned the Zoning Commission to rezone her property to "C-2" so she could operate a beauty shop thereon. This request was denied by the Commission on April 7 and by the City Council on April 27, 1964.

On June 3, 1964 appellee filed a complaint in chancery court against the City (appellant) alleging: The action of the City was unreasonable and arbitrary in that the limitation on the use of her property bears no definite relationship to the health, safety, morals or

general welfare of the inhabitants of the area zoned R-3, that the existence of a beauty shop on her property would in no wise affect the value of the property in the area; that it would not constitute a traffic hazard, and that there are similar businesses in the area. She asked the court to enjoin and restrain the City from prohibiting her and her successors in title from "using the land . . . for C-2 purposes." Appellant filed a general denial, and a trial was had on the issues thus enjoined.

The trial court made, in essence, these material findings: (a) Appellee became the owner of the subject lot two years after the Zoning Code became effective; (b) Appellee's property is located in an area which consists of single and multiple family residences and there are several quiet businesses such as a grocery store etc., which were there before the property was zoned as class R-3, being non-conforming uses; (c) Using appellee's lot for a beauty shop would not devalue the property in the area; (d) But rezoning the property for other types of business (permissible under the C-2 classification) would result in a devaluation of the other property in the area, and; (e) The action of the Planning Commission and the City in refusing to rezone this one lot was arbitrary, unreasonable, and capricious. The court's order was that the lot be rezoned from an R-3 to a C-2 classification, and that the City be enjoined from preventing appellee from using "the property . . . in any manner provided in the C-2 classification." This appeal by City follows.

For a reversal appellant relies on three separate points. *One,* the court cannot substitute its judgment for that of the Zoning Authorities; Two, there is no proof the City acted arbitrarily, capriciously, or unreasonably, and; Three, there is no proof to justify the trial court in substituting its judgment for that of the City. However, since there is much similarity in the points, we deem it unnecessary to discuss them separately.

The decisive issue before us is whether the testimony justified the trial court in reversing the Zoning Authorities. The fundamental rule by which we must

decide this issue has been frequently announced by this Court, and it is clearly stated in the recent case of *City of Little Rock* v. *McKenzie*, 239 Ark. 9, 386 S. W. 2d 697. In that case the trial court held the City acted arbitrarily in rezoning certain property. In reversing the trial court we used this language:

"In resolving this conflict we cannot substitute our judgment for that of the zoning authorities. We must uphold their decision unless we can say that it is arbitrary and capricious."

Applying the above rule to the testimony in the record here we are unwilling to say the action of the Zoning Authorities was arbitrary or capricious. One definition of the word arbitrary given by Webster is "decisive but unreasoned," and capricious is defined by Webster as "not guided by steady judgment or purpose." It is true that, according to testimony presented by appellee, eight persons said they would not object to appellee using the lot for a beauty shop, but they did not say they would not object if she used it for some other purpose permissible under C-2 classification. It was also shown that there were other operations not permissible under an R-3 classification, but it is admitted they were in existence when the area was originally zoned. It is undisputed that appellee bought her property after the area was zoned. No doubt it will be a financial disadvantage for appellee if she cannot operate a beauty shop on her lot, but we do not understand this is necessarily any indication the Zoning Authorities acted arbitrarily when they refused to let her do so. In the *McKenzie* case, supra, we indicated we were not insensitive to hardships which sometimes result in a case of this kind, but said: "Yet in every case such as this one a similar loss in property value must be suffered by one side or the other."

It is significant in this case that there is no contention by appellee the Zoning Authority acted arbitrarily under the conditions existing when the Code went into effect in 1962, yet there is no contention conditions have changed since 1962.

As pointed out before several neighbors said they had no objection to appellee operating a beauty parlor on her lot, and it was also stated that appellee had no intention to use her lot for any other purpose. The facts are, however, that if appellee's lot is rezoned to C-2 classification she can sell her property at any time and the purchaser would have the right to use the same for any business permissible under such classification. In this connection, as has previously been pointed out, the trial court found as a matter of fact that a rezoning of the lot to C-2 would devalue other property in the area. We find nothing in the record to support a finding that the Zoning Authorities acted arbitrarily.

It is our conclusion therefore that the decree of the trial court must be reversed, and it is so ordered.

Reversed.