OLSEN ET AL *v.* CITY OF LITTLE ROCK

5-3938                                              406 S. W. 2d 706

Opinion delivered October 10, 1966

*Wright, Lindsey & Jennings, Philip S. Anderson Jr.,* for appellant.

*Joseph C. Kemp* and *Perry V. Whitmore,* for appellee.

GEORGE ROSE SMITH, Justice. This is a suit by the appellants to compel the city of Little Rock to rezone their property at 401 West Eighteenth Street. The lot

is now restricted to "C" Two-Family residential use. The city's administrative bodies denied the landowners' application to have the lot reclassified to "D" Apartment use. This appeal is from a decree upholding the city's decision.

In a case of this kind the chancellor should sustain the city's action unless he finds it to be arbitrary. No matter which way the chancellor decides the question, we reverse his decree only if we find it to be against the preponderance of the evidence. *City of Little Rock* v. *Garner*, 235 Ark. 362, 360 S. W. 2d 116 (1962). In this instance we are of the opinion that the decree is against the preponderance of the evidence.

The lot in question is separated by Spring Street from the grounds surrounding the Governor's Mansion The city's witnesses took the position that the public's investment in the Mansion could and should be protected by restricting all property within half a block of its grounds to "C" Two-Family use. (There are a few exceptions to this plan, owing to nonconforming structures that antedated the construction of the Mansion.)

The city's attempt to shelter the Manion must be weighed against three counterarguments toward which the landowners directed their proof. First, the city's refusal to rezone the lot imposes a financial hardship upon the landowners. This point is comparatively unimportant. We need say only that the testimony indicates that the vacant two-story house now on the lot cannot, in view of the size of the plaintiffs' investment, be profitably reconditioned or remodeled if the present zoning restrictions are continued.

Second, a disinterested study completed in 1963 supports the plaintiffs' contentions. That study was made by professional planning experts representing the city as well as the metropolitan area. It involved a section of the city comprising about a hundred blocks, bounded by Roosevelt, Chester, Fourteenth, and Cumberland.

The conclusion reached was that the section in question, in view of its nearness to downtown Little Rock, should be extensively rezoned to permit a greater density of population in the area. Specifically and significantly, the report that was made recommended that all the property surrounding the Mansion grounds be reclassified to "D" Apartment use. Most of the recommendations appear to have been followed by the city, but for some reason not disclosed by the testimony the ordinance that was eventually adopted provided for the protective two-family residential belt surrounding the Mansion grounds.

Third, both the necessity for that protective belt and its effectiveness are open to serious question. This section of the city is a comparatively old residential district, characterized by large houses built forty or more years ago. The district, owing to its proximity to the commercial center of the city, is no longer attractive to owners having the means to keep such big homes in first-class condition. Consequently boarding houses and similar semi-commercial enterprises are becoming more numerous. It is pretty clear from the testimony that the Governor's Mansion would suffer more from the intrusion of such establishments than from the construction of those relatively small apartments which alone are permitted under the "D" Apartment classification.

That the proposed rezoning will not adversely affect the neighborhood is confirmed by the complete absence of any protest on the part of other landowners in the area. Such apparently universal acquiescence in the proposal is decidedly unusual in zoning cases. Moreover, the Attorney General obtained a continuance in the court below to enable him to decide whether the State, as the owner of the Mansion, should protest the plaintiffs' request. No protest was made. It is fair to conclude that none of the neighboring property owners—the group who would suffer the greatest damage if the reclassification is contrary to the public interest—oppose the plaintiffs' petition. Upon the record as a whole we are

convinced that the weight of the evidence lies on the appellants' side.

Reversed.

WARD, J., dissents.

PAUL WARD, Justice, dissenting. In 1924 the legislature passed Act 6 (Ark. Stat. Ann. § 19-2804) which says: "It is recognized and hereby declared that the beauty of surroundings constitutes a valuable property right which should be protected by law . . . ." To carry out this wholesome mandate the City of Little Rock provides for a Planning Commission composed of trained men in the field of zoning. Anyone aggrieved by this Commission's action can appeal to the City Board of Directors, and then to Chancery Court.

In the case under consideration the Commission twice refused to rezone the subject property, the Board twice refused to overrule the Commission, and the Chancery Court refused relief. On appeal to this Court the rule by which we are to be guided was plainly stated, less than a year ago, in *City of North Little Rock* v. *Habrle*, 239 Ark. 1007, 395 S. W. 2d 751:

"In resolving this conflict we cannot substitute our judgment for that of the zoning authorities. We must uphold their decision unless we can say that it is arbitrary and capricious."

In that case we also defined the word *arbitrary* as "decisive and unreasoned."

I find nothing in the majority opinion or in the record from which I can conscientiously say the Commission and the Board acted arbitrarily in attempting to protect the "beauty" of the "surroundings" of the Governor's Mansion. Certainly their actions cannot be called unreasoned.