Alvin **CORDER, Wiggins Manufactured Homes, Inc., Redman Homes, Inc., Plaintiffs,**

v.

**CITY OF SHERWOOD, J.P. Evans, as Mayor, and Dorothy Dupslaff, Defendants.**

No. LR–C–83–893.

United States District Court, E.D. Arkansas, W.D.

Feb. 22, 1984.

George C. Vena, North Little Rock, Ark., for plaintiffs.

A. Bob Dawson, City Atty., Sherwood, Ark., for defendants.

## MEMORANDUM OPINION

ROY, District Judge.

Pending before the Court is the defendants' motion to dismiss the plaintiffs' complaint for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983, pursuant to Fed.R.Civ.P. 12(b)(6). The defendants contend that the Court should abstain from considering the case, or dismiss the complaint based upon the plaintiffs' failure to exhaust their administrative remedies.

Plaintiffs Alvin Corder and Wiggins Manufactured Homes, Inc., applied to defendant Dorothy Dupslaff for building permits to place single family manufactured homes on lots within the City of Sherwood that are zoned R–1. The applications were denied in reliance of Sherwood Ordinance number 566, which requires that all manufactured homes be placed in R–4 zones. Plaintiffs brought this suit under the Fourteenth Amendment and 42 U.S.C. § 1983, alleging that the refusal to grant the permits was in violation of the due process, equal protection, and privilege and immunity clauses of the Fourteenth Amendment to the United States Constitution. Plaintiffs further contend that the enactment and enforcement of the zoning ordinance violates the due process clause since the ordinance requires single family manufactured homes that comply with all building codes and R–1 requirements be placed in an R–4 zone. Thus, it is argued that the ordinance is arbitrary and capricious and bears no rational relationship to the health, safety and welfare of the public at large, that said ordinance is unlawfully discriminatory and a denial of equal protection. The plaintiffs ask the Court to declare the zoning ordinance unconstitutional.

In support of their motion, defendants point to remedial provisions in the ordinance, as well as the power of the chancery courts to review zoning decisions, and contend that the plaintiffs should pursue the administrative remedies provided in the zoning ordinance, as well as its judicial remedies provided for in the state courts before bringing the case to federal court.[1]

The questions presented in the present case are (1) whether the complaint states a claim for relief under § 1983; (2) whether the plaintiffs should be required to exhaust their administrative remedies before seeking federal relief; and (3) whether the Court should abstain from exercising jurisdiction.

Regarding the § 1983 claim, the plaintiffs ask that the ordinance be declared invalid as unconstitutional, and also contend that the ordinance, as applied to them, is discriminatory, thus depriving them of certain rights guaranteed under the Consti-

---

1. Ark.Stat.Ann. § 19–2830.1 provides for a de novo review in the circuit court but has been held unconstitutional as it applies to the enactment of zoning ordinances. *Wenderoth v. City of Fort Smith, Ark.*, 251 Ark. 342, 472 S.W. 74 (1971).

tution. The Court views the allegations in the present case similarly to those viewed in *Light v. Blackwell,* 472 F.Supp. 333 (E.D.Ark.1979), *aff'd,* 620 F.2d 307 (8th Cir. 1980), involving an action against members of the Arkansas State Highway Commission and others alleging a taking of property without just compensation:

> The complaint alleges that plaintiffs have been deprived of their constitutional right of due process because of the unlawful taking of their property without payment of just compensation in violation of the Fifth and Fourteenth Amendments. The plaintiffs here have not been deprived of due process since due process remedies are available to the plaintiffs in state court for the alleged taking of their property ... (citation omitted) ...
>
> Without doubt many plaintiffs, by the use of clever pleadings have proceeded to trial in federal court under § 1983 for what are essentially state law violations. Courts must interpret pleadings liberally, but this does not mean that the pleadings cannot be viewed realistically. In the pleadings here there are no allegations of purposeful systematic discrimination designed to favor one individual or class over another and clearly no racially discriminatory animus is involved—no equal protection rights are jeopardized....
>
> To assume jurisdiction in a case of this type would mean the opening of a floodgate to a multiplicity of federal actions involving all aspects of state eminent domain proceedings which in truth should be adjudicated under state procedures and in state forums.

*Id.* at 336–338.

The Court is also persuaded by the reasoning used in *City of Oak Creek v. Milwaukee Metropolitan Sewerage District,* 576 F.Supp. 482 at 486–487 (E.D.Wis., 1983) (to be published, a copy of which is attached hereto), involving condemnation of certain property for use as a landfill site:

> Since 1960, plaintiffs have begun to turn increasingly to the federal forum for a resolution of such land use disputes. Because of the essentially local character of these disputes, their potential for resolution on nonconstitutional grounds, and their potentially crushing effect on judicial calendars, federal courts harbor an instinctive aversion to making federal cases out of condemnation proceedings. This Court, for one, is wary of becoming a zoning appeals board through its exercise of primary and pendant jurisdiction. *See generally, Ryckman, Land Use Litigation, Federal Jurisdiction, and the Abstention Doctrines,* 69 Calif.L.Rev. 377, 377–81 (1981) ...
>
> Section 1983 was never intended as a vehicle for federal supervision of land use policy ... Quite the contrary, federal courts have no business meddling in state condemnation proceedings under Section 1983 in the absence of some compelling evidence of a genuine civil rights violation. Any procedural or substantive "process" that the plaintiffs may be "due" in this case is amply afforded by the statutory condemnation procedure found in state law. Thus, this Court resists the plaintiffs' effort to make a federal case out of what, in truth, is a local land use concern.

■ The claims in the present case are classic assertions under Arkansas land use and zoning law, and the Court cannot say that the complaint, viewed realistically, states a claim for relief under § 1983. Furthermore, under Arkansas law, the chancery courts have the power to review zoning decisions and grant relief when a zoning decision is arbitrary, capricious, or unreasonable. An appeal from an adverse decision could be pursued through the Arkansas state court system. Therefore, the plaintiffs' right to judicial review of a city council's decision by state courts afford them protection from arbitrary, capricious, or unreasonable action and therefore affords them due process, as well as equal protection. *Gorman Towers, Inc. v. Bogoslavsky,* 626 F.2d 607 (8th Cir.1980); *Olsen v. City of Little Rock,* 241 Ark. 155, 406 S.W.2d 706 (1966); *City of Little Rock v. Fausett & Company,* 222 Ark. 193, 258

S.W.2d 48 (1953). A zoning or land use enactment may not be upheld unless it is a valid exercise of the police power, and such an enactment must bear a definite relation to the health, safety, morals, and general welfare of the inhabitants of that part of the city where the property zoned is situated. *Lindsey v. City of Fayetteville*, 256 Ark. 352, 507 S.W.2d 101 (1974); *W.C. McMinn Co., Inc. v. City of Little Rock*, 257 Ark. 442, 516 S.W.2d 584 (1974); *City of Little Rock v. Sun Building & Developing Co.*, 199 Ark. 333, 134 S.W.2d 582 (1940). There also appear to be remedial measures provided for in the ordinance itself that an aggrieved person may pursue. The plaintiffs have not contended that the administrative and judicial remedies referred to above are inadequate, or that it would be futile to pursue them. They merely rely on the fact that the cause of action is based upon § 1983 and therefore the administrative remedies need not be exhausted. Since the Court holds that the complaint does not sufficiently allege a § 1983 claim, the plaintiffs' argument is no longer persuasive.

Even if the Court were not to hold as above, the Court would nevertheless dismiss the case based upon the abstention doctrine.

■ The Court is of the opinion that abstention is appropriate under the *Pullman* doctrine,[2] i.e., where resolution of constitutional issues might be avoided by a state court decision of an uncertain state law question, or under the theory that there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The Supreme Court further elaborated on what has come to be known as the *Burford*[3] doctrine in *Colorado River:*

> In some cases, however, the state question itself need not be determinative of

state policy. It is enough that exercise of federal review of the question ... would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. *Id.* at 814, 96 S.Ct. at 1245 (dictum).

This Court is of the opinion that reasonableness of zoning and other land use classifications is a question of state law, the resolution of which could avoid or modify related federal constitutional issues. *Kent Island Joint Venture v. Smith*, 452 F.Supp. 455, 463 (D.Md.1978).

The Court is also of the opinion that zoning cases are typically local in flavor and often involve difficult questions of state and municipal law.

> Most land use regulatory schemes incorporate elaborate administrative and judicial appeal procedures, and state courts have long been accustomed to handling both constitutional and nonconstitutional issues in this context.

*Ryckman, Land Use Litigation, Federal Jurisdiction, and the Abstention Doctrines*, 69 Calif.L.Rev. 377 (1981).

Based upon the foregoing discussion, the Court hereby dismisses the case.

---

2. *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

3. *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).