Smith, ordinary, for use, *vs.* Andrews, administrator, *et al.*

[In this case, Hall, Justice, being disqualified, Judge Adams, of the Eastern Circuit was designated to preside in his stead.]

1. The ordinary of a county having jurisdiction of an administration is incompetent as an attorney to bring suit on the bond of the administrator.
2. A suit so instituted by the ordinary as sole counsel was illegal, and could not be amended by adding the name of another attorney *nunc pro tunc* to the declaration.
(a.) This case differs from that in 31 *Ga.*, 337. What the law forbids to be done is widely different from that which is permissive or discretionary.

April 17, 1883.

CRAWFORD, Justice.

Section 339 of the Code is in the following language: "No ordinary shall engage, directly or indirectly, in the practice of law in his own, or in the name of another, as a partner, open or silent, or otherwise, in any cause or proceeding in his own court, or in another court of which his own court has, or has had or may have jurisdiction."

The questions made by the record in this case arise out of the construction of the foregoing statute.

The ordinary of Crawford county being a practicing attorney at law, as such attorney brought suit upon an administrator's bond in the superior court for such county. At the trial term of the case, defendants, by their counsel, moved to dismiss the same upon the ground that it appeared and was admitted that R. D. Smith, Esq., who sued said case and signed said declaration as the sole attorney for the plaintiff, was, at the time of signing and the bringing of said suit, the plaintiff therein and the ordinary for the county of Crawford; and that the court of ordinary for said county had jurisdiction of the administration upon which said suit was brought. Pending the argument of this motion, plaintiff's counsel moved to amend by placing the signature of B. M. Davis, Esq., *nunc pro tunc*, as plaintiff's attorney to said declaration, which, upon objection by defendant's counsel, was refused and disallowed, to which ruling plaintiff then and there excepted.

The court then sustained the motion of defendants' counsel and dismissed the plaintiff's suit, to which ruling the plaintiff again excepted.

The first question to be settled in this case is, whether the suit grew out of a cause or proceeding over which the court of ordinary has or has had or may have jurisdiction. If it did, then it is clear that it is such a suit as the ordinary, being an attorney, could not as such attorney bring. All estates administered upon must be by proceedings in

the court of ordinary. There must have been, therefore,
a petition in writing made to the ordinary for the appoint-
ment of this administrator; the very bond upon which
suit in this case was brought must have been fixed in
amount by him; the securities thereto must have been
approved by him. The returns made by the administra-
tor annually must have been made to and approved by him;
the liability of the administrator under those returns so
approved, is *prima facie* evidence against him; the whole
proceeding, from his appointment to the final settlement
of the administration, is one over which the ordinary has
jurisdiction, even to the extent of trying the question of
the amount due upon his accounts, if the wards, when of
age, see fit to cite him to appear before the ordinary for
such settlement.

Whilst it is true that the bond itself must be sued in the
superior court, it is but the ultimate security for the lia-
bility appearing upon the books of the returns passed
upon by the ordinary. It could, therefore, be scarcely
claimed that he should sit in judgment in his own court
on matters that create a *prima facie* liability against the
administrator, and then sue the bond and make testimony
from his own records to establish the amount due thereon.

Hence, it seems to us clear that this suit was illegally
brought, and one which the ordinary, as an attorney, could
not bring, even though brought in another court.

But it is said that the judge erred in refusing to allow
counsel to amend by placing the name of B. M. Davis,
Esq., *nunc pro tunc*, as plaintiff's attorney, to said declar-
ation. To this we say that there was no legal suit in court,
none that the law could recognize, and therefore none
that could be amended.

The suit, as brought, was one that the very plaintiff in
the case was forbidden by law to bring. And shall it be
claimed that when such a suit, so brought, is assailed upon
the ground that the law forbade its being in the court at
all in that way, that it may escape the prohibition upon

it by a *nunc pro tunc* order? Whatsoever the law forbids to be done is widely different from that which is permissive or discretionary.

The suit was brought contrary to a positive law, and therefore void; no amendment can be made to a void suit. We are referred to the decision in the case of *Tatum et al. vs. Allison, Anderson & Co.*, 31 *Ga.*, 337, where it was held that a writ might be signed by an attorney in fact of the plaintiffs, and that if the signing be imperfect, it is curable, even under the act of 1818. We apprehend that if there had been a positive law forbidding a writ to be signed by an attorney in fact, as it is in this case that an attorney at law shall not bring such a suit, that the court in that case would have ruled as we do in this.

Judgment affirmed.