CITY OF LITTLE ROCK *v.* FAUSETT & CO., INC.

5-117                                                  258 S. W. 2d 48

Opinion delivered May 25, 1953.

*O. D. Longstreth, Jr.,* and *Dave E. Witt,* for appellant.

*Talley & Owen* and *Robert L. Rogers, II,* for appellee.

J. SEABORN HOLT, J.   This appeal involves the rezoning of a two acre tract of land lying in the proximate center of Garden Homes Addition and Garden Homes Extension Addition, Little Rock. This two acre tract lies within, and on the north border of, an eighteen acre tract, all of which had previously been zoned for "K" Heavy Industrial use under a City Zoning Ordinance of 1937.

Appellee, Fausett & Co., in 1946, had purchased sixteen acres (for $500 per acre) out of the eighteen acre tract, had it rezoned for residential purposes, developed

it into home-sites, and had platted it as Garden Homes Extension Addition. Appellee constructed and sold eighty-five homes on this sixteen acres. Soon after developing the sixteen acres, appellee purchased the two acre tract in question for $1,100 an acre, but did not develop it. In May, 1951, the City, by Ordinance No. 8626, rezoned the two acre tract from "K" Heavy Industrial use to "B" Family use, and in addition also rezoned an area around the outside of the residential property for light industrial use as a buffer between the residential property and heavy industrial property. The city left all of the property outside of the buffer area as heavy industrial property.

The present suit was brought June 3, 1951, by appellee to have the City's action in rezoning the two acres declared void and unconstitutional, and, as indicated, the trial court declared the City's action void in accordance with appellee's prayer and reclassified the two acres to "K" Heavy Industrial property.

The decree recited: "All of Block 2; Lots 1, 2, 6, 11 and 15, Block 3; Lots 3, 4, 5 and 6, Block 4; all in Garden Homes Extension Addition to the City of Little Rock, Arkansas, and West 264 feet of South 367.5 feet of Lot 24, Manufacturer's Addition to the City of Little Rock, Arkansas, . . . is hereby declared to be rezoned to that of 'K' Heavy Industrial District."

It appears undisputed that the two acres in question are in a residential addition and practically surrounded by homes. Appellee, as indicated, acquired the sixteen acres of property surrounding this two acres at a time when it was zoned for "K" Heavy Industrial use, but was successful in having it rezoned for residential purposes and has built and sold eighty-five houses, located in this tract. Thereafter, appellee succeeded in buying the two acres containing fourteen lots and now seeks to use it for "K" Heavy Industrial purposes.

After a careful review of all of the evidence, we have concluded that the finding of the Chancellor that the City Council acted arbitrarily and unreasonably is against the preponderance of the testimony.

The City Planning Director, Friday, after a careful study of the situation, testified that, in his opinion, "B" Family Residence is the proper zoning for this two acre tract. The City Planning Commission also found that this property should remain as a residential zoned property. Mr. Eichenbaum, a member of the Commission, testified: "A. We had a hearing before the sub-committee on zoning and then a hearing before the Planning Commission. Q. What did you find? A. We found that the property as zoned for residential was being used predominately for residential purposes and it was the opinion of the commission in order to protect the majority of the land used for that entire area it should remain as residential zoned property. Q. And you rezoned it for residential property? A. Yes. . . . I think the land value would greatly depreciate if an industry was put in the center of residential property."

Mr. Thom, a witness for appellee, frankly admitted on cross examination, when asked what effect rezoning of this property to "K" Heavy Industrial use would have on the home owners in the area; "Well I think it would definitely hurt them." He also testified that these fourteen lots which cost appellee $500 per lot (vacant) were now worth $750 each (vacant).

Our rule is well settled that: "Before the courts may reject the findings of the municipal authorities it must be shown that their action was unreasonable and arbitrary." *Evans* v. *City of Little Rock*, 221 Ark. 252, 253 S. W. 2d 347.

"Moreover, to set aside the decree and the finding of the Council would be substituting our judgment for that of the zoning authorities who are primarily charged with the duty and responsibility of determining the question." *McKinney* v. *City of Little Rock*, 201 Ark. 618, 146 S. W. 2d 167. See, also, *Herring* v. *Stannus*, 169 Ark. 244, 275 S. W. 321.

In all cases "this power may not be arbitrarily used, and must . . . bear a definite relation to the health, safety, morals and general welfare of the inhabitants

of that part of the city where the property zoned is situated." *City of Little Rock* v. *Sun Building & Developing Company,* 199 Ark. 333, 134 S. W. 2d 582. See, also, the very recent case of *City of West Helena* v. *Bockman,* 221 Ark. 677, 256 S. W. 2d 40.

In the circumstances, it seems to us that the action of the City Planning Commission and the City Council falls far short of being unreasonable and arbitrary. Accordingly, the decree is reversed for further proceedings consistent with this opinion.