20384. HUNT *et al. v.* McCOLLUM, Commissioner, *et al.*

SUBMITTED MARCH 9, 1959—DECIDED APRIL 9, 1959.

*Ben F. Smith,* for plaintiffs in error.

*Hicks & Henderson, J. Douglas Henderson, Luther C. Hames, Jr.,* contra.

DUCKWORTH, Chief Justice. We will not consume time to debate or decide whether the constitutional question should have been resolved in a direction of a verdict for the appellees or in a dismissal of the appeal, for the result is the same. We go at once to a decision as to the constitutionality of that portion of section 9 of the Act of 1956 (Ga. L. 1956, p. 2006), which provides for interested parties to appeal from the decision of the governing authority within 20 days after the date of the final action of the governing authority on same, and providing that: "the issue so made shall be tried de novo before a jury." Sight must never be lost of the fact that the Constitution (Code, Ann., § 2-1923) confers the power to zone upon the "governing authorities" and none other. Without constitutional sanction no one could exercise such power. Therefore it logically must follow that the foregoing attempt by the legislature to confer such power upon the juries of Cobb County is beyond constitutional limits and is void. To allow this legislative provision for a de novo appeal to stand, would make it possible for the governing authority to act upon disputed evidence and then allow the jury upon the same identical evidence to find contrary thereto. This would mean that, whereas without constitutional sanction no zoning is valid, yet despite the fact that the Constitution vests the governing authority and it alone with power to zone, the legislature has the power to vest the jury with power to overthrow the judgment of the only authority the Constitution empowers to zone.

We are neither bothered nor misled by laws pertaining to jurisdiction of the superior courts (Code, Ann., § 2-3904; Code § 24-2615) which refer to appeals. The controlling matter in this case is that only the authorities empowered by the Constitution to zone can zone, and the legislature is powerless to provide otherwise. A de novo appeal would substitute a jury for a municipal council or county commissioner, and to that extent it would offend the Constitution. Sustaining in principle what we rule, see *Howden* v. *Mayor &c. of Savannah*, 172 *Ga.* 833 (159 S. E. 401); *Schofield* v. *Bishop*, 192 *Ga.* 732 (16 S. E.

2d 714) ; and *Morgan* v. *Thomas,* 207 *Ga.* 660 (63 S. E. 2d 659).

The judgment holding the provision of the act for a de novo appeal unconstitutional is sound, and the direction of a verdict because of that ruling was correct. It was not error to deny the amended motion for new trial complaining of this ruling.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., who dissents.*