20468, 20469. ROBERTS *et al. v.* McCOLLUM, Commissioner; and *vice versa.*

SUBMITTED MAY 11, 1959—DECIDED JUNE 5, 1959—
REHEARING DENIED JULY 8, 1959.

*Hicks & Henderson, Buchanan, Edenfield & Sizemore,* for plaintiffs in error.

*Luther C. Hames, Jr.,* contra.

ALMAND, Justice. Plaintiffs, under the authority of section 9 of the Cobb County Zoning and Planning Act (Ga. L. 1956, pp. 2006, 2011), on October 14, 1958, filed in the Superior Court of Cobb County a petition for a de novo appeal from the decision of Herbert C. McCollum, as Commissioner of Roads and Revenue of Cobb County, rezoning certain property in that county. Defendant McCollum filed his answer and special and general demurrers, in which he attacked the method of appeal provided by the act of 1956 (supra) as being unconstitutional. On February 5, 1959, plaintiffs filed an equitable amendment to their petition, in which they attacked the constitutionality of the Cobb County Zoning and Planning Act (supra) in its entirety, and defendant's demurrers were renewed. The trial court on February 13, 1959, allowed the amendment and sustained defendant's general demurrer to the petition as amended.

Plaintiffs assign error on the order sustaining the general demurrer to the petition, and defendant by cross-bill of exceptions assigns error on the order allowing the amendment to the petition.

Under the ruling of this court in *Hunt v. McCollum,* 214 *Ga.* 809 (108 S. E. 2d 275), decided April 9, 1959, that "the portion of section 9 of the Cobb County Zoning and Planning Act (Ga. L. 1956, pp. 2006, 2011), providing for a de novo appeal from the decision of such governing authority [the Commissioner of Roads and Revenue of Cobb County], is an attempt to em-

power juries to zone and is therefore unconstitutional and void," the proceedings instituted in the present case under that act are void. Accordingly, since a void proceeding is not amendable (*Smith v. Andrews,* 70 *Ga.* 708 (2); *Moore, Marsh & Co.* v. *Neill, Waxelbaum & Neill,* 86 *Ga.* 186 (2), 12 S. E. 222), it necessarily follows that the trial court did not err in sustaining the general demurrer to the plaintiffs' petition.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*