CITY OF LITTLE ROCK *v.* LEAWOOD PROPERTY OWNERS ASSOCIATION

5-4254                                        413 S. W. 2d 877

Opinion delivered April 24, 1967

*Joseph C. Kemp* and *Perry V. Whitmore,* for appellant.

*Patten & Brown* and *Louis W. Rosteck,* for appellee.

CONLEY BYRD, Justice. The city of Little Rock, Arkansas, appeals from the action of the circuit court in granting a zoning variance to appellee, Leawood Property Owners' Association, for the purpose of constructing a swimming pool and related recreational facilities. At issue is the scope of review permitted by the circuit court on appeals from actions of the city's Board of Adjustment, and the sufficiency of the evidence to sustain the circuit court's judgment in favor of the Leawood Property Owners.

The Leawood Property Owners' Association is a nonprofit corporation formed for the purpose of constucting, maintaining and operating a swimming pool and recreational area in the Leawood section of Little Rock. Leawood is a composite of several contiguous subdivisions of the city of Little Rock, consisting of several hundred nice residences of recent construction.

The Leawood Property Owners initiated this action by requesting permission of the Little Rock Planning Commission to amend the bill of assurance and restrictive covenant applying to one of the parcels on which the Association proposed to construct its facilities. The Planning Commission permitted the amendment and then suggested to the Association that, since the Little Rock zoning ordinances did not make a specific zoning provision for swimming pools and related community facilities, the Leawood Property Owners would have to go before the Board of Adjustment. The Board of Adjustment denied the application for a variance without any assignment of reasons therefor.

The city's authority with respect to zoning, the jur-

isdiction of the Planning Commission, and the duties of the Board of Adjustment are contained in Act 186 of 1957. This is a comprehensive act providing for the creation of the City Planning Commission, zoning, subdivision control, etc. With respect to the Board of Adjustment it provides as follows (Ark. Stat. Ann. § 19-2829 [Supp. 1965]):

"The zoning ordinance shall provide for a board of zoning adjustment, which may either be composed of at least three (3) members or the planning commission as a whole may sit as the board of zoning adjustment. The board of zoning adjustment shall have the following functions:

\* \* \*

"(2) Hear requests for variances from the literal provisions of the zoning ordinance in instances where strict enforcement of the zoning ordinance would cause undue hardship due to circumstances unique to the individual property under consideration, and grant such variances only when it is demonstrated that such action will be in keeping with the spirit and intent of the provisions of the zoning ordinance. The board of zoning adjustment shall not permit, as a variance, any use in a zone that is not permitted under the ordinance. The board of zoning adjustment may impose conditions in the granting of a variance to insure compliance and to protect adjacent property.

"Decisions of the board of zoning adjustment in respect to the above shall be subject to appeal only to a court of record having jurisdiction."

Act 186 of 1957 was amended by Act 134 of 1965 (Ark. Stat. Ann. § 19-2830.1 [Supp. 1965]), as follows:

"In addition to any remedy now provided by law, appeals from final action taken by the administrative, quasi judicial, and legislative agencies concerned

in the administration of this act may be taken to the Circuit Court of the appropriate county, wherein the same shall be tried de novo according to the same procedure which applies to appeals in civil actions from decisions of inferior courts, including the right of trial by jury.''

At trial in circuit court, appellees took the position that under Act 134 of 1965 they were entitled to present their petition for a zoning variance anew in the same manner as appeals from municipal courts and justice of the peace courts. Appellants contended that the only issue before the circuit court was whether the Board of Adjustment, in making its decision, was arbitrary. In making its argument, appellant relies upon *Missouri Pac. R. R. Co., Thompson, Trustee,* v. *Williams,* 201 Ark. 895, 148 S.W. 2d 644 (1941), but due to the difference in the language between the reviewing statutes in that case and Act 134 here, that case does not sustain appellant's position. We therefore hold that under Act 134, above, appellee was correct in its position that appeals from the Board of Adjustment to the circuit court are to be tried de novo on the same issue that was pending before the Board of Adjustment.

Having decided that the circuit court may try anew the issue presented to the Board of Adjustment in the first instance, the next question is whether there was substantial evidence to support the judgment of the circuit court. In this connection Robert Beal, a real estate salesman with the firm of Rector-Phillips-Morse, testified that he had sold lots in subdivisions where swimming pools and related community facilities were planned as part of the development, and that a swimming pool assisted in the sale and development of the lots—particularly those close to the pool and park area. It was Mr. Beal's opinion that the construction of the pool and related recreational area would enhance the property in the Leawood area. Mr. James Larrison, called on behalf of the Leawood Property Owners, testified that he could

not conceive of a situation where a swimming pool would lessen the value of surrounding property where the pool was operated within the regulations of the city, with proper setback, screening, and off-street parking.

In addition to the testimony, Act 186 (Ark. Stat. Ann. § 19-2829 [c] [Supp. 1965]) provides that the city in its control of the development of subdivision land, may request the reservation, for future public acquisition, of land for community or public facilities; and that when a proposed subdivision does not provide an area or areas for community or public facilities, the city regulations may provide for a reasonable dedication of land for such facilities or for a reasonable equivalent contribution in lieu of dedicated land, the contribution to be used for acquisition of facilities to serve the subdivision.

In view of the lack of any zoning classification for swimming pools by the city zoning ordinances, the testimony before the court, and the statutes recognizing the desirability of community facilities such as are here involved, we must hold that there was substantial testimony to sustain the court's finding that the variance here granted would be in keeping with the spirit and intent of the provisions of the zoning ordinance. There was certainly substantial evidence from which the trial court could find that the proposed variance would not alter the character of the neighborhood.

Affirmed.