## ARKANSAS POWER & LIGHT COMPANY *v.* CITY OF LITTLE ROCK ᴇᴛ ᴀʟ

5-4307                                                     420 S. W. 2d 85

### Opinion delivered October 23, 1967
[Rehearing denied November 27, 1967.]

*Darrell Dover,* for appellant.

*Perry Whitmore* and *Sam Robinson,* for appellees.

J. Fʀᴇᴅ Jᴏɴᴇs, Justice. This is an appeal by the Arkansas Power & Light Company from an adverse judgment rendered by the Pulaski County Circuit Court, Third Division, on appeal to that court by the Power Company from an adverse decision of the Board of Adjustment of the City of Little Rock.

By municipal ordinance, the City of Little Rock is zoned into fourteen use zones or districts, ranging from "A One-family district" to "K Heavy industrial district." By municipal ordinance any property, when newly annexed to the city, automatically falls into the "A

One-family district" classification until a zoning plan of the area is prepared and adopted. Official Code of Ordinances of the City of Little Rock, Arkansas, § 43-28, subsection (d), adopted in 1937, and appearing in the record before us by stipulation, is as follows:

"Territory which may hereafter be annexed to the City of Little Rock shall be classified in the "A" one-family district immediately upon final acceptance by the city until a zoning plan of the area is prepared and adopted. The planning commission and board of directors shall proceed diligently to zone the newly annexed territory after a public hearing, of which due notice has been given."

In 1961 a large area of land along the south side of the Arkansas River, and west of the former city limits, was annexed by the City of Little Rock and automatically fell into the "A One-family district" classification. No affirmative action was taken by the Planning Commission and Board of Directors in zoning this newly annexed territory as provided in section 43-28 of the ordinance.

The Little Rock zoning ordinances provide for a five member board of zoning adjustment with jurisdictional power to hear and grant requests for variances in the permissible use of property in a given use zone.

Arkansas Power & Light has a franchise to furnish electric power to all of Little Rock including newly developed residential areas of western Little Rock, and including the newly annexed area south of the Arkansas River. Arkansas Power & Light transports its electric energy at high voltage, through above ground wires or cables in the Little Rock area, and it becomes necessary throughout the transportation system, and at intervals along the transmission lines, to construct substations where the electric energy is transformed from the high voltage necessary in transportation to the low voltage

necessary in safe distribution for domestic consumption. The electric energy, thus reduced in voltage, is delivered to the consumer through distribution lines radiating out from the substations, and can only be distributed in useful voltage within a limited radius of the substation. Thus it is necessary to have the substation near the center of the area to be served with electric energy through the substation.

In 1965, Arkansas Power & Light acquired, by purchase, a substation site, consisting of approximately three acres, near the Arkansas River and within the territory annexed in 1961. Arkansas Power & Light applied to the Little Rock Board of Zoning Adjustment for permission to use its property for a substation site, and the application was refused and permission denied by the Board of Review. Arkansas Power & Light appealed to the Pulaski County Circuit Court, and several property owners along a bluff overlooking the Arkansas River, and the site of the proposed substation, intervened in opposition to the proposed use by Arkansas Power & Light. The circuit court also denied the power company's petition and Arkansas Power & Light has appealed to this court relying on the following points for reversal:

"1. There is no evidence to support the lower court's holding that appellant is not entitled to the requested permit.

"2. The lower court erred in not weighing the evidence presented before it *de novo* and by instead applying an administrative review test and further erred in considering evidence not in the record."

We do not reach the first point relied on by the appellant, as we have concluded that the decision of the trial court must be reversed on the second point.

This case presents a rather unique situation, in that it appears from the overall record, that the case may

have been fully *tried de novo* on appeal to the circuit court, but it is quite clear that it was *heard* and *considered* by the trial court under the erroneous impression that the evidence was to be confined, and its considerations limited, to whether or not there was any substantial evidence to support the ruling of the Board of Adjustment or whether the ruling of the Board was arbitrary or capricious. The following excerpts from the rulings on admissibility of evidence throughout the trial leave no doubt as to the court's impression on this point.

"If there had been no place other than this place I am sure the commission would have granted it, they didn't, they refused it and that is not in the Commission Order, in other words *all I can under the law consider is whether or not the Commission was arbitrary in refusing it,* not whether or not it would have cost them more or cost some other property owner more. Now they might have had several reasons for refusing it for which they would have been justified and the cost to the Power Company is not one of them.

"Reasonableness of the Power Company is not in question, *it is whether the ruling of the Board is arbitrary, capricious or whatever.*

"Those are the things the Court will have to take into consideration when he gets down to *arriving at whether the Commission was capricious in denying this petition.*

"The way I see it the construction or non construction of a highway or express way would have nothing to do with the reason for the Board having refused the petition when it was filed. *The only thing I am interested in was there any substantial evidence to sustain them or did they act arbitrarily,* not whether or not there is going to be an express way.

"The thing I am trying to say is that the building of the express way that *is not going to enter into the court's decision as to whether or not the Board acted arbitrarily or if they don't build the express way would have nothing to do with why the Board overruled the petition.*" (Emphasis ours.)

There is no evidence in the record that this erroneous conception was pointed out to the court during the trial of the case and there is no affirmative evidence that either party was prejudiced by the error, but after taking the matter under advisement on briefs, the court directed a letter to the attorneys as follows:

"After a careful consideration of all the records in the above case, the evidence introduced dehors the record and the excellent briefs submitted by both sides, *I have concluded that the action of the Board of Zoning Adjustments was supported by substantial evidence and that the Board should* be affirmed.

"Judge Robinson will prepare precedent for judgment submitting same to Mr. Dover for his approval as to form." (Emphasis ours.)

A precedent for judgment was prepared which contained the following language:

"After careful consideration of the entire record herein, the evidence introduced dehors the record, testimony and evidence introduced in open court, and briefs submitted by the parties, it is the finding and judgment of this Court that the action of the Board of Zoning Adjustment of the City of Little Rock, Arkansas, was supported by substantial evidence and that Arkansas Power & Light Company's petition requesting a reversal of said Board of Zoning Adjustment's decision should be denied."

This precedent was approved, as to form, by the attorney for the appellant, Power & Light Co. and the attorney for the appellee, Board of Adjustment, but it was not approved by the attorney for the intervening appellees and was not signed by the trial court and entered of record.

The judgment that *was* signed by the trial court was approved as to form by the attorney for the appellee, Board of Review, and the attorney for the intervening appellees, but was not approved by an attorney for the appellant. The judgment signed by the trial court and appealed from simply recites:

> "After considering all the facts as shown by the evidence and the law applying thereto, it is the finding and judgment of this Court that the Petition should be denied.

> "It is so ordered."

This being the state of the record, we have no way of knowing whether any party to this litigation would have offered any additional, less, or different evidence than was offered, had they known the evidence was being accepted and would be considered on the merits of the case in a trial *de novo*, rather than in determining whether or not there was any substantial evidence to sustain the decision of the Board of Review, or whether the action of the Board of Review was arbitrary or capricious in denying the petition.

The ordinance setting up the Board of Review and defining its authority provides for appeal to the circuit court in the following language:

> "Any person or persons, jointly or severally aggrieved by any decision of the board, or any officer, department, board or bureau of the City of Little Rock, may present to the circuit court a petition,

duly verified, setting forth that such decision is illegal in whole or in part, specifying the grounds of the illegality."

We do not imply that a municipal ordinance can limit the venue or restrict the scope of inquiry in matters on appeal from municipal departments, but in any event, this case was appealed to the circuit court. Upon appeal from the circuit court, we do not try the case *de novo,* but only review the errors assigned. *Fidelity Deposit Company* v. *Fairfield,* 169 Ark. 997, 278 S. W. 658. The circuit court does, however, try cases *de novo* on appeal from a municipal Board of Adjustment. Ark. Stat. Ann. § 19-2830.1 (Supp. 1965). This point was very recently settled in the case of *City of Little Rock* v. *Leawood Property Owners Association,* 242 Ark. 451, 413 S. W. 2d 877, wherein we said:

"Act 186 of 1957 was amended by Act 134 of 1965 (Ark. Stat. Ann. § 19-2830.1 [Supp. 1965]), as follows:

"In addition to any remedy now provided by law, appeals from final action taken by the administrative, quasi judicial, and legislative agencies concerned in the administration of this Act may be taken to the Circuit Court of the appropriate county, wherein the same shall be tried *de novo* according to the same procedure which applies to appeals in civil actions from decisions of inferior courts, including the right of trial by jury."

and in that case we held as follows:

"We therefore hold that under Act 134, above, appellee was correct in its position that appeals from the Board of Adjustment to the circuit court are to be tried *de novo* on the same issue that was pending before the Board of Adjustment."

For the reasons stated, we reverse this case and remand it to the trial court for a new trial, to the end that any party hereto may offer such competent evidence as may be desired on a trial *de novo*. We might add, however, that if it were not for the recited error of the trial court, we might well reverse this case on the evidence now before us.

Reversed and remanded.

BYRD, J., disqualified.