CARL E. WRIGHT, ET AL v. CITY OF LITTLE ROCK, ET AL

5-4742 432 S.W. 2d 488

Opinion Delivered October 14, 1968

356

*Warren & Bullion* for appellants.

*Joseph C. Kemp; Perry V. Whitmore* and *Spitzberg, Mitchell & Hays* for appellees.

JOHN A. FOGLEMAN, Justice. Certain property owners who protested a rezoning ordinance of the Little Rock Board of Directors have appealed from an order of the Pulaski Circuit Court granting appellees' motion which had questioned the constitutionality of Ark. Stat. Ann. § 19-2830.1 (Supp. 1967) Section 2 of Act 134 of 1965). The provisions of this section purport to require a de novo trial by jury of any final action taken by administrative, quasi-judicial and legislative agencies in certain matters pertaining to municipal planning and zoning.

The circuit court's order on the motion did not dispose of appellants' petition but left the matter pending for a review by the trial court, without a jury, to determine whether the ordinance was arbitrary, capricious or unreasonable. It was specifically alleged in appellants' petition for appeal filed in the trial court that the action of the Board of Directors was arbitrary, capricious, unreasonable and an abuse of discretion. Even though this order did not terminate the action, dismiss or discharge the parties, or finally conclude the rights of appellants in the controversy, appellants still contend that the order denying them a trial de novo and a jury trial is appealable.

Even when the decision on a motion has been based on a determination as to the constitutionality of an act, it is not appealable unless it constitutes a final order, judgment or determination in the court from which the appeal is taken. *State* v. *Greenville Stone & Gravel Co.*, 122 Ark. 151, 182 S.W. 555.

Appellants rely on *Parker* v. *Murry*, 221 Ark. 554, 254 S.W. 2d 468, as authority for their position that the order in this case was appealable. There the court held that an order holding that the Attorney General not only had the right, at his option, to intervene in a case instituted by the Commissioner of Revenues, but also had the right, as intervenor, to direct and control the litigation was a final and appealable order. The basis for the holding in that case was a finding that a distinct and severable branch of the cause had been finally determined, although the suit was not ended. Here, we cannot say that the order denying trial de novo by jury and limiting the scope of review by the trial court, constitutes final determination of a distinct or severable branch of the case.

Therefore, we have no jurisdiction and dismiss the appeal as premature.

BYRD, J., not participating.