## CITY OF HARRISON *v.* JEAN WILSON

5-5272                    453 S. W. 2d 730

Opinion delivered May 18, 1970

*Robert Cummins,* for appellant.

*Fitton, Meadows & Adams,* for appellee.

GEORGE ROSE SMITH, Justice. This zoning case involves the appellee's residence in Harrison, which she uses partly as a beauty shop. By permission of the municipal board of adjustment Mrs. Wilson employed an assistant who does not live on the premises. The city brought suit to enjoin that arrangement, as a violation of the ordinance. At the trial the parties stipulated that their dispute turns upon whether the board authorized a variance, as it may do, or authorized a nonconforming use, as it may not do. The chancellor found that the exception amounts to a variance and was therefore lawfully authorized by the board of adjustment.

At the outset we observe that whether the appellant's abstract of the record complies with our Rule

9 is a borderline question. A majority of us have decided to bypass that issue in favor of a decision on the merits.

Mrs. Wilson's home is in a single-family residential district. Such a residence may be used for a home occupation, which the ordinance defines as one carried on solely by the inhabitants of the dwelling. The board, as we have said, permitted Mrs. Wilson to employ an outsider. Under the ordinance the board may authorize a variance, which is not defined, but it cannot authorize a nonconforming use, which is defined as a use not conforming to the regulations of the district in which the structure being used is located.

We agree with the chancellor. A nonconforming use is usually a lawful use that existed when the zoning ordinance was adopted and that is permitted by the ordinance to continue. A variance, on the other hand, is usually given by special permission to alleviate hardship in a particular case. *C. & C. Incorporated* v. *Semple,* 207 Va. 438, 150 S. E. 2d 536 (1966). A variance, however, cannot involve such a far-reaching departure from the regulations as to thwart the purpose of the zoning scheme or alter the essential character of the neighborhood. Anderson, American Law of Zoning, § 14.38 (1968).

This case involves, in our opinion, a permissible variance within the spirit of the ordinance. If Mrs. Wilson's assistant lived in the home with her, there would be no violation of the ordinance. Presumably the only difference is that the assistant comes to work from her own home in the morning and leaves at the end of the day. The board of adjustment, in granting the request for a variance, made it clear that Mrs. Wilson is to be allowed to have only one employee in her shop. In view of that safeguard we are not convinced that the variance at issue thwarts the purpose of the zoning scheme or changes the essential residential character of the neighborhood. To say the least, the city, as the plaintiff, has not met its burden

of proving that the variance goes beyond the authority vested in the board.

Affirmed.

FOGLEMAN, J., concurs.

JOHN A. FOGLEMAN, Justice, concurring. I concur in the result because I would affirm under Rule 9. Not only does appellant's abstract fail to set out the pleadings in the case, the one most important bit of evidence in the case is not abstracted. That is Zoning Ordinance No. 614 of Harrison. Of course, we cannot take judicial notice of a city ordinance, so it is essential that the ordinance be offered in evidence. It is not possible, to my way of thinking, to be able to answer the question posed on this appeal without knowing more of the content of the ordinance than we have in the briefs in this case.

It is difficult for me to see how it can be said that a change from a home occupation carried on by the inhabitants of the dwelling to one carried on by the inhabitants and an employee is not a change of use. Maintenance of the character of the zone depends upon more than the number of people who are engaged in carrying on that use. If one employee is permitted, I can perceive of no reason why two should not be permitted because both of them might live in the same house sharing a bedroom, if the parties were so inclined. Then, I ask, would the limit on the number of employees allowed as a variance be the capacity of the house? If so, would bedrooms be counted in determining that capacity or would it be determined by the number of people who might be accommodated by using other rooms in the house for sleeping purposes?

Some of the other factors that enter into the character of a neighborhood are the traffic, both pedestrian and vehicular, passing through it and the number of cars to be parked on the streets.

It may well be that the ordinance in question is worded so that the use involved here is proper as a variance, but I submit that not all the members of the court can be adequately informed on this subject without a more thorough abstract.