COLLIER WENDEROTH AND NANCY WENDEROTH v. CITY OF FORT SMITH, ARK. AND GRAND INVESTMENTS, INC.
5-5673
WESTARK RETIREMENT HOMES, INC. v. CITY OF FORT SMITH, ARK. AND LAWRENCE D. FARRAR ET AL

5-5674                               472 S.W. 2d 74

Opinion delivered November 1, 1971

*Harper, Young & Smith* and *Pearce, Robinson & McCord,* for appellants.

*Daily, West, Core & Coffman; Hardin, Jesson & Dawson* and *Shaw & Ledbetter,* for appellees.

FRANK HOLT, Justice. The appellants, in these consolidated cases, appealed to the circuit court from the enactment of rezoning ordinances by the appellee city's Board of Directors. These ordinances rezoned certain properties adjacent to appellants. Their objections are that the rezoning is contrary to the characteristics of the neighborhood and detrimental to them and to their properties. The rezoned properties are located within the city limits and are owned separately by the appellees Grand Investments, Inc. and Lawrence D. Farrar et al. Upon motions of the appellees, the circuit court dismissed these appeals on the basis that Ark. Stat. Ann. § 19-2830.1 (Repl. 1968), which permits an appeal de novo to the circuit court from the enactment of rezoning

ordinances by a city's legislative body, is unconstitutional because in violation of Article 4 of our state constitution. The sole issue, therefore, on appeal concerns the validity of this statute.

Appellants contend for reversal that the statute does not contravene Article 4 which is that provision in our constitution providing for separation of powers between the executive, legislative, and judicial branches of government. Article 4 of our constitution reads:

> §1. The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: those which are legislative to one, those which are executive to another, and those which are judicial to another.

Ark. Stat. Ann. § 19-2830.1, pertaining to building and zoning regulations, provides:

> In addition to any remedy now provided by law, appeals from final action taken by the administrative, quasi judicial, and legislative agencies concerned in the administration of this Act may be taken to the Circuit Court of the appropriate county, wherein the same shall be tried de novo according to the same procedure which applies to appeals in civil actions from decisions of inferior courts, including the right of trial by jury.

The procedure provided for in this act was before us in three other cases. *City of Little Rock* v. *Leawood Property*, 242 Ark. 451, 413 S. W. 2d 877 (1967); *Arkansas Power & Light* v. *City of Little Rock*, 243 Ark. 290, 420 S. W. 2d 85 (1967); *Wright* v. *City of Little Rock*, 245 Ark. 355, 432 S. W. 2d 488 (1968). However, in neither of those cases was the constitutionality of this act considered.

We think the court was correct, in the case at bar, in holding the statute unconstitutional. The legislative power of the people is vested in the general assembly

with the right of the initiative and referendum reserved to the people. Amendment 7, § 1. Although the power to enact laws is vested in our General Assembly, we have long recognized that ·our legislature can delegate to municipal corporations the legislative power to enact ordinances. *Little Rock* v. *North Little Rock,* 72 Ark. 195, 79 S. W. 785 (1904). There we said that: "*** there is nothing better settled than that the legislature may delegate to a town council legislative authority over the municipal affairs of the town." Therefore, when a city exercises the power conferred upon it by our state legislature, the city is acting in a legislative capacity which is co-equal with the power of the legislature itself. *Little Rock Ry. & Elec. Co.* v. *Dowell,* 101 Ark. 223, 142 S. W. 165 (1911). There we said that when a municipality exercised the delegation of this legislative authority, the courts cannot take away the discretion vested in the city's legislative body. See, also, 16 Am. Jur. 2d 466, §§ 223 and 504, § 255.

In the case at bar we are likewise of the view that this statute cannot empower the judiciary to take away the discretionary powers vested by our legislature in the city's legislative body to enact zoning and rezoning ordinances. The provisions of this statute provide for a trial de novo, including the right of a trial by jury, in reviewing the legislative action of the city. On appeal the issue would be tried entirely anew, the same as if the city's governing board had not acted. *City of Little Rock* v. *Leawood Property, supra.* By this method of appellate review de novo there is attempted to impose upon the circuit court a function of a non-judicial character in a matter that is exclusively within the discretion and legitimate power of the city's legislative body. The result would be to substitute the judgment of the circuit court for that of a municipal law-making body. This is contrary to Article 4 of our constitution which prohibits intrusion by the judiciary upon the legislative domain.

In *Ball* v. *Jones,* 132 So. 2d 120 (Ala. 1961) the identical question was presented as is now before us.

In holding a similar statute unconstitutional the court said: "The limitation of judicial review grows out of the character of the proceedings involved. That the enactment of zoning ordinances is a legislative function and not a judicial one is well established and should need little citation of authority." Further: "*** Also, the amendment to a comprehensive zoning ordinance or a rezoning of a certain area, as was done in the instant case, becomes a part of the existing comprehensive ordinance and, a fortiori, is a legislative act." See, also, *Roberts* v. *McCollum*, 109 S. E. 2d 744 (Ga. 1959); *Hunt* v. *McCollum*, 108 S. E. 2d 275 (Ga. 1959); *California Co.* v. *State Oil & Gas Bd.*, 200 Miss. 824, 27 So. 2d 542, 28 So. 2d 120 (1946). In *City of Meridian* v. *Davidson*, 211 Miss. 683, 53 So. 2d 48 (1951), in respect to separation of powers, we find this pertinent language: "It would have been beyond the power of the Legislature to grant a trial de novo in the sense of foisting upon a court and jury the performance of non-judicial functions, that is to say in the sense of permitting the court or jury to substitute their own judgment for that of the civil service commission when the latter had exercised purely an executive function."

However, zoning regulations and ordinances are not immune to appellate review. Our chancery courts have the power to grant relief in appropriate proceedings when a zoning ordinance is arbitrary, capricious, or unreasonable. *Herring* v. *Stannus*, 169 Ark. 244, 275 S. W. 321 (1925); *City of Little Rock* v. *Fausett & Co. Inc.*, 222 Ark. 193, 258 S. W. 2d 48 (1953); *Olsen* v. *City of Little Rock*, 241 Ark. 155, 406 S. W. 2d 706 (1966). See, also, 23 Ark. L. Rev. 22 (1969). On this restricted basis our chancery courts have reviewed the validity of zoning ordinances. In other words, the enactment of zoning ordinances is a legislative function subject only to appellate review to determine whether the city's legislative body acted arbitrarily, capriciously, or unreasonably in the enactment of the ordinance.

As the act before us is written, it clearly authorizes the circuit court or jury to substitute its judgment and

discretion for that of a legislative agency of the state and to nullify its action. In *Little Rock Ry. & Elec. Co. v. Dowell; supra,* we said:

"\* \* \* It is only an arbitrary abuse of the power which the courts should control; and when the exercise of that power and discretion is attacked in the courts, a presumption must be indulged that the council has not abused its discretion, but has acted with reason and in good faith for the benefit of the public. To proceed upon any other theory would be to substitute the judgment and discretion of the courts for the judgment of the members of the council with whom the lawmakers have seen fit to lodge this power."

In the case at bar the act provides no standard to guide the jury or the court as to whether the ordinance enacted by the city should be upheld or annulled. It appears perfectly clear that our constitution does not permit the legislature to empower the judiciary to review the wisdom or unwisdom, the rightness or wrongness of ordinances enacted by virtue of the legislature's delegation of power to the city's legislative body any more than our constitution permits the legislature to empower the judiciary to likewise review the laws which the legislature itself enacts. Accordingly, we hold, after giving presumptive validity to the act before us, that the court correctly construed it as being unconstitutional, when applied to zoning or rezoning ordinances.[1]

The appellants also contend that if the right to trial by jury and trial de novo provisions of the statute are unconstitutional then those provisions are severable from the statute, leaving the balance of the act valid. Appellants assert that the remainder of the act is operative and sufficient to place appellate jurisdiction in the circuit court from the zoning authority. An act is not severable when the entire section is so mutually connected and interwoven that it reflects the intent of the legislature to enact it

---

[1]We do not pass upon the constitutionality of the act as applied to the city council or other agencies acting in an administrative or quasi-judicial capacity.

as a whole. *Neal v. Still, Judge,* 248 Ark. 1132, 455 S. W. 2d 921 (1970). In the case at bar, the provision for an appeal consists of only one sentence. In our view, the legislature intended to enact this statute as a whole and not in parts.

Affirmed.

BYRD, J., dissents.

CONLEY BYRD, Justice, dissenting. I readily admit that the determination of whether a city will exercise its zoning authority is a legislative matter depending upon the popular will of the inhabitants of a city. Also the determination that property shall be zoned according to single family, multiple family, commercial and industrial uses is a legislative matter. However, nothing would be more arbitrary than to permit a city to designate specific property for use as single family, multiple family or commercial purposes without a hearing to make some determination of the facts involved. On the first appeal, *Wenderoth v. Freeze, Mayor,* 248 Ark. 469, 452 S. W. 2d 328 (1970), it was pointed out that such hearings affect vital property rights and the rezoning by the City was reversed because appellant did not have ample notice for purposes of appearing and giving evidence before the planning commission.

In *Scroggins v. Kerr,* 217 Ark. 137, 228 S. W. 2d 995 (1950), it was pointed out that in some functions city councils act quasi-judicially, as distinguished from their executive and legislative functions.

Of course in matters involving the legislative functions of city councils there is a right of referendum. But a change in the designation for which property may be used from single family to commercial or industrial, in accordance with the criterion established by an existing zoning ordinance, is nothing more than an exercise of a conclusion upon the facts presented or known. However by today's decision, it is now a legislative matter, subject to the popular will of a city's

inhabitants either through their elected officials or by their own vote in an initiative and referendum or both.

The vice in holding that the determination of use of property in accordance with an existing zoning code classification is a legislative function can be most aptly demonstrated in those cases in which rezoning of property is resisted by commercial competitiors. By today's decision a commercial competitor, with political muscle, can legally prevent a private owner from using his property for competing commercial purposes through the legislative processes of the city. This is contrary to our Constitution Art. 2 § 19 that monopolies shall not be allowed and also Art. 2 § 22 prohibiting the condemnation of private property for private purposes.

An act of the legislature should be construed to make it constitutional if possible. Therefore zoning or rezoning in accordance with an existing classification established by ordinance is and should be nothing more than a fact determination demonstratable to any fact finder including a jury. Considered in the light that the city's function is quasi-judicial, the act in question would be constitutional.

The absurdity of classifying a city's action in categorizing property for use purposes as legislative in character is demonstrated by the fact that the other Section of Act 134 of 1965, the Act here under attack, authorizes a city to exercise zoning jurisdiction over property lying outside its corporate limits and along a navigable stream for a distance of five miles in either direction. Thus by today's decision a number of farmers along the Arkansas River and other navigable streams will find the use of their property controlled by the political whims of city inhabitants and themselves without a voice or a vote even on a referendum. Legislation without representation has never been favored.

For the reasons stated, I respectfully dissent.