## CITY OF NORTH LITTLE ROCK et al *v.*
## Carmen LINN

5-5840                                    479 S.W. 2d 236

Opinion delivered April 24, 1972
[Rehearing Denied May 22,1972.]

*Paul F. Henson,* for appellants.

*Carpenter, Finch & McArthur,* for appellee.

GEORGE ROSE SMITH, Justice. This zoning dispute involves a lot in North Little Rock owned by one of the appellants, O. W. Nichols. On April 26, 1971, the city council adopted an ordinance changing the lot from R-1, a one-family residential classification, to R-4, a multi-unit apartment classification. The appellee, a neighboring homeowner, then brought this suit to have the ordinance declared void. The chancellor set aside the ordinance on the ground that the decree in an earlier suit between the city and Nichols was res judicata.

In 1967 the city planning commission recommended the same change that the appellee is complaining of now, but the city council refused to adopt an ordinance putting that recommendation into effect. Nichols, the land-

owner, brought a suit against the city to have the city's refusal declared to be an arbitrary and capricious action. After a trial the chancellor entered a decree dismissing the complaint for want of equity.

Here the court was mistaken in holding the former decree to be res judicata. A city council, in the enactment of a zoning ordinance, acts legislatively rather than judicially. *Wenderoth* v. *City of Ft. Smith,* 251 Ark. 342, 472 S.W. 2d 74 (1971). Legislative action is subject to reconsideration; for one legislative body cannot bind its successors by irrepealable enactments. So as to zoning: "The power of a municipal legislative body to amend the zoning regulations is legislative in character. Therefore, it is not exhausted when it has been used once. Rather, a legislative body can reconsider its passage or rejection of a proposed amendment. Thus a zoning amendment may be valid although it was rejected by the same legislative body on an earlier occasion. . .It is a matter peculiarly within the discretion of the legislature, and that body is free to change its mind without a demonstration that its earlier decision was demonstrably wrong, or that circumstances have changed since the earlier action." Anderson, American Laws of Zoning, § 4.28 (1st ed., 1968). Cases. to the same effect include *Corsino* v. *Grover,* 148 Conn. 299, 170 A. 2d 267 (1961); and *Johnson* v. *Lagrew,* 447 S.W. 2d 98 (Ky. App., 1969). Thus the council's refusal to amend the ordinance in the first instance did not prevent it from later adopting such an amendment.

Nor did the first decree crystallize the status of the lot forever, under the doctrine of res judicata. That decree merely announced a negative finding, that the council's refusal to change the lot's classification was not arbitrary or capricious. It does not follow, however, that the council's later decision to change the classification is necessarily arbitrary and capricious; for the pertinent factors may be so evenly balanced that a legislative determination either way could not be said to be unreasonable. Hence the first decree is not res judicata in the case at bar, for the issues are not the same. *Risser* v. *City of Little Rock,* 225 Ark. 318, 281 S.W. 2d 949 (1955), cert. den. 350 U.S. 965 (1956).

On the merits we cannot say, on trial de novo, that the council's action in changing the classification of the lot is shown by the weight of the evidence to be arbitrary or capricious. *City of West Helena* v. *Davidson,* 250 Ark. 257, 464 S.W. 2d 581 (1971). The appellee and his witnesses testified that the proposed construction of a two-story twelve-unit apartment on the lot in controversy would diminish the value of the houses on the opposite half of the block. The extent of the diminution in value is not stated.

On the other hand, there is much testimony tending to sustain the council's decision. The apartment house will face Hickory Street, a cul-de-sac that is zoned R-4 on the side opposite the lot in question. On that side of the street there are now no dwelling houses; instead, there are apartment houses only. Witnesses testified that they would be unwilling to build a single-unit residence on Nichols' lot, because of the apartments across the street. The block slopes, the lot in question being 21 to 24 feet lower than the site of the appellee's home and that of his neighbors. A planner testified that it is better for a change in zoning classification to occur along the rear lot line, where the structures face in opposite directions, than along a street, where the structures face each other. There is also testimony contradicting the appellee's proof that the value of his property will be lessened by the construction of the apartment house. Upon the record as a whole we conclude that the appellee failed to sustain his burden of proving by a preponderance of the evidence that the council's action in reclassifying the lot was arbitrary or capricious.

Reversed and dismissed.