Charles Darwin DAVIDSON; and Davidson Holding, d/b/a HOB Partnership *v.* CITY OF LITTLE ROCK

CA 94-389                                    900 S.W.2d 578

Court of Appeals of Arkansas
Division I
Opinion delivered June 28, 1995

*Davidson Law Firm, Ltd.*, by *Keith L. Grayson* and *Melanie Grayson*, for appellant.

*Thomas M. Carpenter, City Attorney*, and *Cynthia S. Dawson, Assistant City Attorney*, for appellee.

MELVIN MAYFIELD, Judge. This case involves two zoning

variances which were granted by the Board of Adjustment for the City of Little Rock.

In September 1992, the Brady Masonic Lodge requested two variances to permit construction of a 4,000 square foot building. The first variance requested was a reduction in the set-back requirements and the second was a reduction in the number of required parking places. On September 28, 1992, the Board granted the variances with certain conditions including that the appellants' parking lot would not be used without written consent.

On October 28, 1992, the appellants, who are adjoining landowners, filed a complaint in Pulaski County Circuit Court asking that the Board's decision be reversed and the variances in favor of the Lodge be denied. On January 10, 1994, an amended complaint was filed in which it was alleged that the Lodge failed to demonstrate undue hardship if the variances were not granted.

At trial, appellants' counsel stated the issue was whether or not the appellee "justly granted the variance" and whether or not the denial of the variances would "impose an undue hardship" on the Lodge. The trial judge stated that he had looked over the ordinance and it contained two conditions: (1) whether strict enforcement would cause a hardship due to circumstances unique to the property; and (2) whether the variance was in keeping with the spirit and intent of the provisions; that is, does it change the use or is it simply a variance of the lawful use that was anticipated. He then stated, "Of course, the plaintiff always has the burden of proof to show that the variance goes beyond the authority vested in the Board."

After hearing the evidence the trial judge took the case under advisement. On January 18, 1994, an order was entered in favor of the City on the finding that appellants had failed to meet their burden of proving that the Board acted beyond its vested authority.

Appellants argue the trial court erred in finding they had the burden of proving the Board erred in granting the variances. The appellee cites *City of Harrison* v. *Wilson*, 248 Ark. 736, 453 S.W.2d 730 (1970), and argues the party challenging a variance has the burden of proof.

Section 36-69 of the Little Rock City Code Revised 1988, as adopted by Ordinance Number 15,559 of the Board of Directors provides:

> B. The Board may hear requests for variances from the literal provisions of this chapter in instances where strict enforcement of this chapter would cause undue hardship due to circumstances unique to the individual property under consideration, and grant such variances only when it is demonstrated that such action would be [in] keeping with the spirit and intent of the provisions of this chapter.

Appeals from the Board of Adjustment to the circuit court are to be tried de novo on the same issue that was pending before the Board. *City of Little Rock* v. *Leawood Property Owners Ass'n*, 242 Ark. 451, 413 S.W.2d 877 (1967).

Therefore, the issue before the circuit court was whether the strict enforcement of the zoning regulations would cause undue hardship and whether granting the variances was in keeping with the spirit and intent of the zoning regulations.

*City of Harrison, supra,* does not hold to the contrary. In that case the board of adjustment permitted a beautician to employ an assistant, who did not live on the premises, in her home. The City brought suit to enjoin the arrangement as violating the ordinance which allowed the board to authorize a variance but not a nonconforming use, defined as a use not conforming to the regulations of the district in which the structure being used is located. The chancellor found that the exception granted by the board of adjustment amounted to a variance and was therefore lawfully authorized by the board. On appeal to the Arkansas Supreme Court the issue was whether the board had authorized a variance, which is usually given by special permission to alleviate hardship and was within its authority, or had authorized a nonconforming use. Our supreme court stated that it was not convinced that the variance at issue thwarted the purpose of the zoning scheme or changed the essential residential character of the neighborhood and held the board had issued a permissible variance. The court that held the City, as plaintiff, had the burden of showing a nonconforming use and had failed to do so.

In the instant case, there is no issue as to whether the Board

authorized a nonconforming use. Rather the issue to be decided is whether a variance should be allowed because of undue hardship and whether the granting of a variance would be in keeping with the spirit and intent of the zoning provisions.

Therefore, we reverse and remand for further proceedings consistent with this opinion.

ROBBINS and COOPER, JJ., agree.