# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4160

_____

Forrest Construction, Inc.,　　　　　*
an Arkansas Corporation,　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Appellant,　　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the Western
　　　　　　　　　　　　　　　　　*　District of Arkansas.
City of Greenwood; Jimmy Strozier;　*
Drucilla Hughart; Roger D. Rainwater;　*　　**[UNPUBLISHED]**
Bill McAllister; Donnie Whitson;　　*
Carol Whitson,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Appellees.　　　　　　　*

_____

Submitted: September 24, 2003
Filed: October 7, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Forrest Construction, Inc. (Forrest) filed this case in Arkansas state court, which was then removed to federal court, alleging deprivation of property rights without just compensation and without due process and also denial of equal protection in violation of 42 U.S.C. § 1983. The district court decided (1) the claims against the City of Greenwood (City) and members of the City Council (Council) were barred by res judicata, granting summary judgment to the City and the Council;

and (2) the claims against Donnie and Carol Whitson (Whitsons) failed to establish a claim under section 1983, granting judgment on the pleadings to the Whitsons. Forrest appeals.

We affirm the grant of judgment on the pleadings to the Whitsons, because Forrest did not establish the Whitsons acted only to injure Forrest and not to influence the City's and the Council's decisions. See Gorman Towers, Inc. v. Bogoslavsky, 626 F.2d 607, 615 (8th Cir. 1980). We reverse the grant of summary judgment to the City and Council, however. The district court concluded res judicata barred Forrest's action because (1) under Ark. Code Ann. § 14-56-425 (Michie 1998), Forrest could have raised its damages claim in its previous appeal of the Council's decision to the state circuit court; and (2) the state court's order granting Forrest summary judgment did not expressly reserve Forrest's right to pursue a damages action. Upon de novo review, see Mercer v. City of Cedar Rapids, 308 F.3d 840, 843 (8th Cir. 2002), and looking to Arkansas law, see Sondel v. Northwest Airlines, Inc., 56 F.3d 934, 937 (8th Cir. 1995), we conclude applying res judicata was not proper in this case.

Even if Forrest's appeal to the state circuit court from the Council's decision was a "suit," res judicata does not bar claims that could not have been litigated in that prior suit, see Am. Standard, Inc. v. Miller Eng'g, Inc., 772 S.W.2d 344, 346 (Ark. 1989), and Arkansas law does not clearly indicate Forrest could have raised a damages claim in the state court proceeding, compare Ark. Power & Light Co. v. City of Little Rock, 420 S.W.2d 85, 89 (Ark. 1967) (circuit court tries same issue pending before Board), and City of Little Rock v. Leawood Prop. Owners' Ass'n, 413 S.W.2d 877, 879 (Ark. 1967) (same), with Carmical v. McAfee, 7 S.W.3d 350, 359 (Ark. Ct. App. 1999) (implying party appealing under § 14-56-425 may raise new issues on appeal). Further, the state court's order–stating there was "no statutory authority for the granting of an attorney's fee in an appeal such as this," but a fee claim might "be an appropriate part of the landowner's action for damages"–suggests the Arkansas court believed its authority was limited, and further assumed Forrest could bring a

separate damages action.  <u>Cf.</u> <u>Cater v. Cater</u>, 846 S.W.2d 173, 176 (Ark. 1993) (res judicata does not bar subsequent action if court in earlier action made express reservation of rights as to future litigation).

Thus, we conclude this case presents exceptional circumstances where applying res judicata would be fundamentally unfair to Forrest.  <u>See</u> <u>Schieffler v. Fin. Servs. Ins. Co.</u>, 39 F.3d 181, 186 (8th Cir. 1994) (Arkansas res judicata rule is to be applied as fairness and justice require, and not rigidly so as to work injustice).

Accordingly, we affirm the grant of judgment on the pleadings to the Whitsons, and reverse and remand for further proceedings as to the City and the Council.

_____